## 13278. JESTER *v.* BRACKIN.

STEPHENS, J. The defendant Brackin, being the owner of certain land, entered into a contract with the plaintiff Jester, by the terms of which Jester was to place upon certain land of Brackin a sawmill having a capacity to saw ten thousand feet of lumber per day, or more if Jester so desired, and that Brackin was to haul and deliver to the mill " all available timber located on said land suitable for sawmill purposes," which timber was to be delivered to the mill in quantities sufficient to produce when sawed an average of ten thousand board feet per day, provided Brackin was not prevented from making deliveries in such quantities by strikes, accident, or providential causes; that Jester was to saw the timber so delivered at the mill by Brackin into " such lumber as the market demands or such lumber as both parties to this contract shall agree upon;" that Jester was " to cut all timber to the best advantage and save [?] all available timber into side boards and to take the best care possible of same;" that the gross receipts from the sale of the timber when sawed and converted into lumber should be deposited in a designated bank and divided equally between both parties. *Held:*

1. That in a suit by Jester against Brackin to recover damages for an alleged breach by the defendant in failing to haul and deliver to the mill timber sufficient to produce lumber at the rate of ten thousand board feet per day, where the defendant denied the alleged breach and defended

upon the ground that the plaintiff had violated the contract by failing to convert into lumber the timber which the defendant had actually hauled and delivered to the mill, and also that the plaintiff had ceased operations under the contract and had removed the mill from the premises before completing his obligations under the contract, and had failed to account to the defendant for certain lumber belonging to the defendant which it is alleged the plaintiff had converted to his use, and where to recover for the same the defendant prayed judgment against the plaintiff, where the evidence authorized the inference that the plaintiff had violated the contract by ceasing operations and removing the mill from the premises after the defendant had cut timber and before the timber had been hauled to the mill, the defendant may recover for any damage to the timber so cut and not delivered to the mill, resulting from such breach of the contract by the plaintiff. The court therefore did not err in admitting evidence for the defendant in support of this issue or in submitting this issue in charge to the jury.

2. Since the contract provided that all timber on the land available for sawmill purposes was to be sawed into lumber, the court did not err as misstating prejudicially to the plaintiff a contention of the defendant that under the contract the plaintiff was to cut and manufacture into lumber " all of the timber " located on the land, without qualifying the same by stating that the timber was to be available for sawmill purposes, since, under the very nature of the contract and the evidence adduced upon the trial, the jury could not have been misled into believing that the contract contemplated, or that the defendant contended, that the plaintiff was under an obligation to saw timber other than that which was available for sawmill purposes.

3. The evidence objected to in the 4th ground of the motion for a new trial was of small importance, and, if irrelevant, was in no way prejudicial to the plaintiff.

4. The charge of the court, fairly to both parties, submitted all issues to the jury and contained no error in instructing the jury as to the method of determining the credibility of witnesses or determining with whom the preponderance of the evidence lay.

5. The evidence authorized the inference that the plaintiff breached the contract in failing to saw into lumber all of the timber delivered to the mill, and in failing to saw timber so delivered into " such lumber as the market demands," and in ceasing the operation of the mill and removing it from the premises, and that such breaches of the contract resulted in damage to the defendant; and the evidence further authorized the inference that the defendant fulfilled his obligations under the contract by supplying the mill with the agreed amount of timber per day except where prevented by causes beyond his control, and did not otherwise violate the contract, and that the plaintiff was indebted to the defendant for lumber converted by the plaintiff and unaccounted for, in the amount found in favor of the defendant by the verdict of the jury.

6. The verdict found for the defendant being supported by the evidence, and no error of law appearing, the court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., concurs. Bell, J., disqualified.*

DECIDED FEBRUARY 21, 1923.

44

Action for breach of contract; from Decatur superior court — Judge R. C. Bell.   January 17, 1922.

*T. S. Hawes, M. E. O'Neal,* for plaintiff.

*W. V. Custer, John R. Wilson,* for defendant.